### GODREAU *v.* THE AMERICAN RAILROAD CO.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 685.—Resuelto en junio 16, 1911.

DAÑOS Y PERJUICIOS—NEGLIGENCIA DEL DEMANDADO.—En las reclamaciones sobre
daños y perjuicios basadas en la negligencia del demandado. no basta de-
mostrar que el demandado ha sido de algún modo negligente, sino que es ne-
cesario demostrar, además, que esa negligencia fué la causa verdadera del acci-
dente.

ID.—NEGLIGENCIA CONTRIBUTORIA.—Alegado por el demandado que el accidente se
debió a la propia negligencia del demandante y demostrando la prueba que
tal negligencia existió en tal grado que sin ella no pudo ocurrir el accidente;
el demandante no tiene derecho a percibir indemnización alguna por los
daños y perjuicios que pudiera haber sufrido.

ID.—PRUEBA—MANIFESTACIONES VOLUNTARIAS.—Las manifestaciones del conduc-
tor del carro del demandante que chocó con el ferrocarril de la demandada,
hechas a un policía horas después del suceso y en el sitio del mismo, si se de-
muestra que fueron voluntarias, constituyen evidencia admisible en un caso
de esta naturaleza.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Francisco Giménez.*

Abogados del apelado: *Sres. N. B. K. Pettingill y Fer-
nando Vázquez.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tri-
bunal.

Arturo Godreau y Duffau estableció demanda ante la
Corte de Distrito de Ponce contra "The American Railroad
Company of Porto Rico," reclamando la suma de $1,200
como compensación por daños y perjuicios, basando su recla-
mación en los siguientes hechos:

"1. Que la demandada, 'The American Railroad Co. of Porto Rico' es una corporación registrada en la Oficina del Secretario de Puerto Rico y se dedica entre otras cosas, al trasporte de caña entre Ponce y Guayama, y se dedicaba a dicho trasporte de caña el día 12 de marzo del corriente año 1910· y antes de esa fecha, entre los puntos antes indicados; teniendo su oficina principal en San Juan de Puerto Rico y también oficina en Ponce, P. R.

"2. Que el demandante, Arturo Godreau y Duffau, en, y antes del doce de marzo de 1910, era dueño de un carro de cuatro ruedas y de cuatro mulas americanas, que dedicaba al trasporte de carga entre Ponce y Salinas.

"3. Que el día doce de marzo del corriente año de 1910, y en el paso a nivel que atraviesa la carretera del litoral frente a la hacienda 'Fortuna,' dentro del Distrito Judicial de Ponce, P. R., un tren de carga formado de diez vagones empujados por la máquina número 33, perteneciente a la demandada The American Railroad Company of Porto Rico, chocó con el carro tirado por las cuatro mulas del demandante, y a consecuencia de dicho choque, murieron tres de las referidas mulas, y el carro, también del demandante, sufrió desperfectos de consideración. Y el demandante alega, además: Que dicho choque ocurrió debido solamente a la gran negligencia del conductor y maquinista de dicho tren número 33, habiendo consistido dicha negligencia en llevar los diez vagones por delante y la máquina empujándolos, sin ir persona alguna al frente de dichos vagones y en no haber tocado los encargados de dicho tren, pito ni campana, ni haberse dado ninguna señal de alarma antes de llegar el tren a dicho paso a nivel, y de marchar el tren a toda velocidad.

"4. Que a consecuencia del choque, ocurrido por causa de la negligencia de los empleados de la demandada, alegada en el hecho anterior, el demandante perdió las tres mulas que murieron, las que tenían un valor en junto de setecientos cincuenta dollars, y además tuvo que gastar dinero en la reparación del carro, y además el demandante ha dejado de ganar dinero que le debía producir su servicio de trasporte de carga entre Ponce y Salinas, cuyo servicio de trasporte era mediante pago, y ha experimentado con ellos daños y perjuicios que el demandante estima en la suma de mil doscientos dollars ($1,200)."

La demandada contestó la demanda negando todas y cada una de las alegaciones contenidas en la misma y alegando como materia nueva de oposición:

"Que si el accidente a que se refiere la demanda ocurrió, fué por la negligencia del demandante o sus empleados, quienes no pusieron todo el cuidado y diligencia necesarios para evitar el daño."

Celebrada la vista, la corte de distrito dictó sentencia declarando sin lugar la demanda y condenando al demandante al pago de las costas del litigio. Contra esa sentencia se interpuso el presente recurso de apelación.

El hecho de que en la fecha y en el sitio indicados en la demanda, ocurrió el choque entre las mulas que tiraban del carro del demandante y los vagones del ferrocarril de la demandada, pereciendo como consecuencia del mismo tres mulas de la propiedad del demandante, aparece claramente establecido por la prueba, así por la del demandante como por la de la demandada. La controversia existe sólo sobre las causas que motivaron el choque, sobre si la demandada fué o nó negligente al atravesar el paso a nivel y sobre si el demandante realizó o nó actos constitutivos de negligencia contributoria.

Examinaremos primero los actos negligentes imputados por el demandante a la demandada y luego analizaremos los actos que la demandada intentó probar para demostrar su diligencia y la negligencia del demandante y en uno y otro caso la prueba presentada por ambas partes.

Se sostiene como probado por el demandante, que los encargados del tren no tocaron ni el pito ni la campana de la máquina al llegar al cruce con la carretera.

Tres testigos del demandante que presenciaron el accidente, declaran que el ferrocarril no tocó ni pito ni campana. Por el contratario el maquinista del ferrocarril declara que tocó el pito, el fogonero que tocó la campana y el conductor que se tocaron el pito y la campana. La prueba, pues, resulta contradictoria.

Sostiene también como probado el demandante, que el tren de la demandada llevaba una velocidad peligrosa al atravesar la carretera y que los wagones, que eran ocho de los grandes que se usan para caña, iban delante de la máquina.

Con respecto a la velocidad, la prueba no permite llegar a una conclusión exacta, y con respecto a que los wagones iban delante, aparece de la prueba que ciertamente era así. Tal hecho no constituye negligencia *per se,* pero atendidas las circunstancias de este caso, especialmente la que se considera en el párrafo que sigue, podría tal vez estimarse como constitutivo de negligencia por parte de la demandada.

Sostiene también el demandante como probado, que no había luz en el primer wagon del tren. Sus testigos así lo declaran. Por el contrario los testigos de la demandada tienden a probar que un empleado de la demandada iba en el primer wagon con una linterna cuya luz "podía verse a unos quinientos metros." La prueba es, pues, contradictoria.

También se sostiene por el demandante como probado, que en el paso a nivel no existía luz alguna. Este hecho es cierto pero no constituye negligencia *per se.* No se nos ha demostrado que exista ninguna ley u ordenanza que imponga tal deber a la demandada.

La demandada probó que en el paso a nivel de que se trata, tenía colocado el poste de señal que ordena el Reglamento del Consejo Ejecutivo vigente desde 1 de marzo de 1909, Gaceta Oficial de 28 de febrero de 1909, página 104, o sea un poste con una cruz y una tabla, que tenga escritas en los brazos de la cruz las siguientes palabras "*Grade Crossing,*" "Ojo al Tren," y sobre la tabla inferior estas otras: "*Stop, Look, Listen,*" "Párese, Mire, Oiga."

También probó la demandada que en el dicho paso a nivel hay un timbre o campana eléctrica de alarma al lado derecho de la vía, que tan pronto como llega la máquina al circuito eléctrico, empieza a tocar hasta que pasa el tren de la carretera.

Con respecto a si la campana eléctrica tocó la noche del accidente, existe contradicción en la prueba. Los testigos presenciales del demandante a quienes nos hemos referido ya, dicen que no oyeron el timbre, pero los testigos de la demandada, no sólo sus empleados, sino otros testigos que venían

en una teresina, afirman que lo oyeron, presentándose además prueba consistente en que el mismo conductor del carro del demandante admitió horas después del suceso, que había oído el timbre. El conductor negó en el acto del juicio que hubiera hecho tal admisión.

En relación con la campana de alarma, el demandante intentó probar que momentos antes del accidente pasó un coche tocando su timbre, con la intención seguramente de demostrar a la corte que el conductor del carro de mulas pudo confundir el sonido del timbre o campana de alarma del ferrocarril con el del timbre del coche, sonidos ambos que, según la declaración de un testigo, eran parecidos.

Aparece, por último, de la prueba, que el demandante empleaba su carro de mulas en el trasporte regular de mercancías y que el conductor y su ayudante conocían perfectamente el camino, y por tanto, la existencia del paso a nivel, teniendo por costumbre la de pararse antes de atravesarlo, precaución que no tomaron la noche del suceso. Relacionando estas circunstancias con las demás de este caso, podría concluirse que hubo negligencia contributoria por parte de los empleados del propio demandante, y por tanto, que si dichos empleados hubiesen sido diligentes, no hubiera ocurrido el suceso que ha dado origen a este pleito.

Siendo esto así, aun cuando se llegara a la conclusión de que la demandada había sido negligente en algún sentido en la conducción de sus wagones a través del camino, no constituyendo su negligencia la verdadera causa del accidente, no se la puede imponer el deber de indemnizar al demandante los daños y perjuicios que sufriera a consecuencia de la negligencia de sus propios empleados.

No existen hechos declarados probados por la corte sentenciadora, ni consta que ésta emitiera opinión para fundar su sentencia. Sólo existe la sentencia misma declarando que los hechos y la ley están a favor de la compañía demandada y en contra del demandante. En tal virtud debemos considerar que en aquellos puntos en que la evidencia es contra-

dictoria, la corte resolvió el conflicto en favor de la demandada, y como no se ha demostrado que actuara movida por pasión, prejuicio o parcialidad, o que cometiera error manifiesto, no debemos alterar su apreciación.

Sólo se tomó durante la sustanciación de este caso, una excepción por la parte demandante con respecto a la admisión de cierto documento que contenía manifestaciones del conductor del carro de mulas, hechas horas después del suceso y en el sitio del mismo. Tales manifestaciones fueron hechas a un policía, quien declaró bajo juramento en el acto de la vista que fueron voluntarias por parte del conductor, declarando también en igual sentido el testigo M. R. Ronney de la demandada. Si no obstante la declaración del conductor del carro de mulas afirmando que no hizo tales manifestaciones, el juez creyó, a virtud de las declaraciones de los otros testigos, que las hizo y que fueron voluntarias, las dichas manifestaciones eran evidencia admisible, sujeta luego a la apreciación del juez al examinar en su totalidad el caso. Y al resolverlo así, la corte sentenciadora no cometió ningún error de derecho.

El recurso debe declararse sin lugar y confirmarse la sentencia apelada, excepto en su pronunciamiento con respecto a costas, porque habiendo en consideración todo lo expuesto, se puede deducir que no hubo malicia ni temeridad por parte del demandante y que él pudo creer equivocadamente pero de buena fe, que tenía una justa causa de acción.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

Juez disidente: Sr. MacLeary.